## NEGLIGENCE IN PASSING A STANDING STREET CAR WITH AN AUTOMOBILE.

Court of Appeals for Belmont County.

### D. D. DuBois, Administrator of the Estate of William Gitchell v. John H. Schell.*

Decided, May 7, 1915.

*Negligence Per Se—By Driver of Vehicle in Passing Car Discharging or Receiving Passengers—Contrary to the Provisions of a Prohibitory Ordinance—Duty of Ordinary Care on the Part of Driver and of Alighting Passenger Who Was Struck—Charge of Court.*

1. Where a municipal ordinance prohibits drivers of vehicles on a public street from passing a street car while such car is standing, for the purpose of taking on and discharging passengers, it is negligence *per se* for the driver of an automobile to pass such car in disobedience of the provisions of the ordinance.

2. While a passenger alighting from such car is not relieved from the duty of using ordinary care, he has the right to act upon the presumption that drivers of vehicles approaching the car from which he is alighting will obey the law, and if, while using ordinary care himself he is injured by a collision with a vehicle driven past such car in violation of the provisions of the ordinance he can recover.

Metcalfe, J.

Briefly stated, the allegations of the petition in this case are that William Gitchell was a passenger upon a street car in the city of Bellaire; that the car had stopped for the purpose of taking on and discharging passengers; that Gitchell alighted from the car; that he passed to the rear of the car intending to cross the tracks and the street to the sidewalk on the other side; that as he passed from the rear of the car onto the driveway he was struck by an automobile driven by the defendant, John H. Schell, and was killed. It is alleged also that there was in force at the time an ordinance of the city of Bellaire

*Affirmed by the Supreme Court, February 29, 1916.

prohibiting the drivers of vehicles upon the streets of said city from driving past a street car which was standing for the purpose of receiving and ·discharging passengers.   The case was tried to a jury and a verdict rendered for the defendant.

The three principal grounds of error relied upon in argument and the brief of counsel are:

*First.*   That the verdict is against the weight of the evidence.

*Second.*   Errors in the charge of the court, and

*Third·*   That the trial judge erred in refusing to charge the jury as requested by the plaintiff in error.

Considering these in their order:   As to the first proposition, it is sufficient for us to say that witnesses were called on the part of the plaintiff who testified to the fact that they saw Mr. Gitchell alight from the car, pass to the car's rear, and out upon the street upon the other side of the car, and that he was struck by the automobile when the car was standing; and, upon the other hand, witnesses called by the defendant state that the car had started and had gone on some distance when Gitchell was struck.   We think the conflict of testimony is such that the questions of negligence and contributory negligence were purely questions for the jury, and we would not be authorized to set this verdict aside on the ground that it is against the weight of the evidence.

Second.   Did the court properly charge the jury?   The definition of ordinary care as applied to this case by the trial judge is excepted to.   We quote from the charge:

"Ordinary care is that degree of care which persons of ordinary care and prudence are accustomed to observe under similar circumstances.   That is, ordinary care as applied to the conduct of the defendant in this case is such care as persons of ordinary care and prudence in driving and managing automobiles in the streets of a city are accustomed to exercise and observe for the protection of persons traveling in the streets; and ordinary care, as applied to the deceased, William Gitchell, in this case is such care as persons of ordinary care and prudence observe in crossing streets at street crossings, to avoid danger and injury to themselves arising from the driving of automobiles through the streets."

That is to say, the degree of care required of the defendant is such only as would be required of an automobile driver approaching a street crossing, regardless of the fact that a street car might be standing at the crossing receiving and discharging passengers, and also regardless of the fact that a municipal ordinance prohibited him from driving past the car while so standing. With regard to the ordinance, the trial judge said to the jury:

"While this ordinance has been introduced in evidence, and while the plaintiff claims that the same was violated by the defendant, which he denies, neither the ordinance itself nor its violation, if the same has been proven, is sufficient, in and of itself to establish the claim of the plaintiff that the defendant was guilty of negligence, but such ordinance, and the testimony tending to show its violation, if any, may be considered by you as circumstances tending to prove negligence."

And again, in another part of the charge this:

"You are instructed that, under the law, if a person goes unexpectedly in front of a moving automobile which is being prudently managed and controlled by the driver, that, is, that ordinary care is being used by the driver who is unable by the exercise of ordinary care and prudence to avoid injuring or killing such person, the driver is not liable. He is only liable in such circumstances if he fails to observe ordinary care and prudence in the management and control of his car, and by reason of such failure causes a collision."

The last quoted part of the charge may be correct as applied purely to the defendant's contention, but viewed in the light of other parts of the charge we think it is very misleading.

The plaintiff claims that the defendant, at the time his automobile struck the decedent, was violating an ordinance of the city of Bellaire, and that by reason of the violation of that ordinance the defendant was killed. Upon that question the trial judge said to the jury that they might consider the ordinance and any evidence tending to show its violation as evidence tending to prove negligence, and in effect stated that the viola-

tion of the ordinance was not negligence of itself. That is to say an automobile driver, under the circumstances of this case, is charged only with the duty of ordinary care, and ordinary care is all that is required of him in passing a street car at a stop for the purpose of discharging passengers. No distinction is made as to where that ordinary care should be exercised, or whether the degree of care would be higher in one place than another. This, it seems to us, ignores the provisions of the ordinance and would allow the defendant to drive his automobile past the standing car in contravention of its provisions, with only the duty resting upon him of using ordinary care, and relieve him entirely from obedience to its provisions. We can not think that this is the law. The ordinance means what it says, and the safety of the public requires an obedience to its provisions. The decedent had a right to suppose that the defendant would obey the law, and using ordinary care himself to act upon that supposition; and the plaintiff had a right to have his theory of the case correctly stated to the jury, and if the jury found that the defendant did drive past the car in violation of the ordinance that such action was negligence on his part. And if, in consequence of that fact the plaintiff's decedent was injured while using ordinary care himself, the plaintiff would have a right to recover.

The jury under this charge had a right to understand that the trial judge's definition of ordinary care was as applicable to the claim of the plaintiff as to that of the defendant, and that the defendant might pass the standing car disregarding the ordinance entirely, and that when the decedent got off the car it was his duty to look for an approaching automobile, and if he did not do so he would be guilty of contributory negligence.

There could be no error in this case for the refusal of the trial judge to give the requests numbers one and two preferred by the plaintiff. The fact that the plaintiff's decedent was struck while the car was standing was disputed. While they state the law correctly, as applied solely to the plaintiff's contention, they, in effect, assume that that contention was undis-

puted, and for that reason we think there was no error in a refusal to give them.

Probably the trial judge was misled in this case by a misconception of the case of *Meek* v. *Pennsylvania Company,* 38 O. S., 632. In that case the city ordinance was not plead as a ground of negligence, but the court held that the plaintiff had a right to introduce it in evidence in support of the allegation of negligence in the petition, not as a foundation for recovery, but as a circumstance tending to show negligence. We think the case of *Baker* v. *Pendergast,* 32 O. S., 494, correctly states the law as applied to this case:

"A person about to cross the street of a city in which there is an ordinance against fast driving has a right to presume in the absence of knowledge to the contrary that others will respect and conform to such ordinance. And it is not negligence on his part to act on the presumption that he is not exposed to a danger which can only arise through a disregard of the ordinance by other persons."

A good statement of the law also is found in *8 Thompson on Negligence,* Section 10:

"When any specific act or dereliction is so universally wrongful as to attract the attention of the law-making power, and this concrete wrong is expressly prohibited by law or by ordinance, a violation of this law, a commission of the specific act forbidden is for civil purposes correctly called negligence *per se.*"

For errors in the charge of the court as above pointed out, the judgment in this case is reversed.

SPENCE, J., and POLLOCK, J., concur.